### Jason Scott HARPER, Plaintiff–Appellant,

### v.

### Arnold SCHWARZENEGGER; et al., Defendants–Appellees.

### No. 14–15327.

### United States Court of Appeals, Ninth Circuit.

---

** The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 18, 2015.*

Filed Aug. 20, 2015.

Jason Scott Harper, Corcoran, CA, pro se.

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

### MEMORANDUM **

Jason Scott Harper appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials failed to protect him from assault by his cellmates. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court properly dismissed Harper's action for failure to state a claim. *See Wilhelm v. Rotman,* 680 F.3d 1113, 1118 (9th Cir.2012) (explaining we review de novo an order dismissing a prisoner complaint under 28 U.S.C. § 1915A for failure to state a claim). The record demonstrates Harper failed to plead facts sufficient to sustain a plausible Eighth Amendment violation claim. *See Lemire v. Cal. Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir.2013) (setting forth three-part inquiry into failure-to-protect claim). First, Harper failed to allege facts demonstrating he was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 1075. Second, Harper failed to show that Defendants "kn[ew] of and disregard[ed] an excessive risk to [Harper's] health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Additionally, Harper's Due Process rights were not implicated, because Harper does not have a protected liberty interest in single-cell status classification. *See Wilkinson v. Austin,* 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005); *Myron v. Terhune,* 476 F.3d 716, 718 (9th Cir.2007).

The district court did not abuse its discretion by denying Harper leave to file a Fifth Amended Complaint, because after granting four amendments to the complaint, granting a fifth would be futile. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and noting that district court may dismiss without leave to amend when amendment would be futile); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (district court's discretion to deny leave to amend is particularly broad where it has afforded plaintiff one or more opportunities to amend).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.